IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOSE NERI GONZALEZ RODRIGUEZ<br>Plintiff,<br><br>v.<br><br>BIG SPRING FLIGHTLINE CORRECTIONAL INSTITUTION; WELLPATH; THE GEO GROUP, INC., a Florida Corporation; and individuals BOBBY THOMPSON, and BENEVIDES MD,<br>Defendants, | § § § § § § § § § § § § § § § | CASE NO.: _____<br><br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

## COMPLAINT

Plaintiff Jose Neri Gonzalez Rodriguez ("Plaintiff") hereby files his Complaint and Demand for Jury Trial against Defendants Big Spring Flightline Correctional Institution ("BSFCI"), THE GEO GROUP, Inc. ("GEO"), a Florida Corporation, WELLPATH ("WELL-PATH") medical contractor, and individuals Bobby Thompson ("Mr. Thompson"), and Benavides MD ("Dr. Benavides"), (collectively, "Defendants") and respectfully alleges as follows:

## INTRODUCTION

1. This is a negligence and gross negligence case for injuries Plaintiff sustained during his detention at Big Spring Flightline Correctional Institution, a facility owned, operated, and controlled by Defendant GEO in the state of Texas, and sustained as a result of negligent and gross negligent conduct of its employees and agents; and Bobby Thompson, the facility administrator.

2. This is a professional negligence case for injuries sustained as a result of negligent conduct of its employees and agents of WELLPATH, and Dr. Benavides' failure to provide reasonable care

I

to Plaintiff, breaching their duty of care, and causing further injury, causing cruel and unusual punishment.

## JURISDICTION AND VENUE

3. This civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. § 1331 and § 1343. The amount in controversy exceeds $75,000., exclusive of interest and costs.

7. This Court is the proper Venue pursuant to 28 U.S.C. § 1391, in that substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District, and Defendants are subject to personal jurisdiction in this District.

## PARTIES

8. Plaintiff Jose Neri Gonzales Rodriguez ("Plaintiff") is an individual who resides in GEO's Big Spring Flightline Correctional Institution, Howard County, Big Spring, Texas, and whose citizenship for purposes of jurisdiction is Texas.

9. Defendant Big Spring Flightline Correctional Institution ("BSFCI") is a facility located in the state of Texas, and maintains a principal place of business at: 2001 Rickabaugh Drive, Big Spring, Texas 79720.

10. Under contract with the Federal Government, THE GEO GROUP, Inc. ("GEO"), operates and manages Big Spring Flightline Correctional Institution at: 2001 Rickabaugh Drive, Big Spring, Texas 79720. Defendant GEO is and has been, at all times relevant to the subject matter to this complaint, a corporation registered to do business under the laws of the State of Texas.

II

11. Defendant The Geo Group, Inc., is a corporation incorporated in the state of Florida, with its corporate headquarters at: 621 NW 53rd Street, Suite 700, Boca Raton, Florida 33487.

12. At all times relevant to the subject matter of this complaint Bobby Thompson ("Mr. Thompson") was a citizen of the United States. At all relevant times Mr. Thompson was employed by defendant GEO as Facility Administrator for Big Spring Flightline Correctional Institution, and all acts and omission by Mr. Thompson were within the course and scope of his employment with Defendant GEO.

13. Under contract with GEO, Defendant WELLPATH operates within BSFCI and maintains a principal place of business at: 2001 Rickabaugh Drive, Big Spring, Texas 79720.

14. At all times relevant to the subject matter of this complaint Benavides MD ("Dr. Benavides") was a citizen of the United States. At all relevant times Dr. Benavides was employed by Defendant GEO as a medical doctor at Big Spring Flightline Correctional Institution, and all acts and omissions by Dr. Benavides were within the course and scope of his employment with GEO.

## FIRST CAUSE OF ACTION NEGLIGENCE

15. On or around October 14, 2020, Defendant BSFCI's employees disregarded a defective toilet that was spilling water in dormitory building B-1's restroom. As a result Plaintiff slipped and fell, he sustained permanent injuries to his right wrist- neck, and to his lower back.

## SECOND CAUSE OF ACTION GROSS NEGLIGENCE

16. After suffering two fractures, his right hand was shackled despite the excruciating pain to his wrist. This was done going to and returning from an outside hospital.

17. Plaintiff was placed in administrative segregation around 16 days. He could not eat or use the toilet properly. For 8 days he did not shower because nobody assisted him.

18. Around November 1, 2020, Plaintiff was moved from administrative segregation and placed in building "A" unit. There he was assigned an assistant to do the claeaning, fix bed, and all other things as necessary.

19. On or around April 5, 2021, Plaintiff's assistant was removed without regard to Plaintiff's ongoing conditions. Plaintiff's injuries had not healed. The right wrist neck has deformity and the pinky and adjacent finger have no feeling when touched. And he is unable to bend down and touch his toes.

## THIRD CAUSE OF ACTION PROFESSIONAL NEGLIGENCE

20. Defendant WELLPATH's employees failed to take the action necessary to protect Plaintiff from reasonably foreseeable risk of harm. As a result WELLPATH breached the duty of care when they took the assistant away. Causing cruel and unusual punishment.

21. Defendant Dr. Benavides ignored Plaintiff's sick call requests and nurses scheduled appointments. As a result, Dr. Benavides breached his duty of care.

22. On or around May 8, 2021, Plaintiff spoke with doctor Benavides were he denied knowing what was going on, but stated that the helper should not have been taken away. Then, he said,

he would investigate the situation and communicate back with Plaintiff. The doctor never communicated with Plaintiff agin.

23.  The orthopedic doctor adviced Plaintiff that without surgery his injuries would not heal properly. The orthopedic doctor also said that he would include that information in his report to BSFCI's medical department, WELLPATH.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24.  Defendant BSFCI through its agents and employees refused to pay an assistant for Plaintiff. Plaintiff had to pay for help with meals and commissary. Despite multiple attempts at getting an assistant through different staffs the Plaintiff's cries were grossly disregarded by GEO and WELLPATH. As a result, Plaintiff suffer mental anguish and emotional distress.

25.  Defendant Mr. Thompson's denial of accountability anguished Plaintiff because he is due to be deported on December 16, 2021 and fears being release with a permanent disability.

26.  Defendants acted with deliberate indifference by purposely avoiding knowledge of health and safety risks to Plaintiff upon being release to the community. Plaintiff suffered mental anguish and emotional distress.

## PUNITIVE DAMAGES

27.  The acts, conduct and omissions of the Defendants, as alleged throughout this Complaint, showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care, which would raise the presumption of conscious indefference to recover punitive damages.

28. Defendants committed these acts with a conscious disregard for the rights of the Plaintiff. Defendants' outrageous and unconscionable conduct warrants an award for punitive damages under warranty of Texas Civil Practice and Remedies Code § 41.003 and § 41.011, against Defendants in the amount appropiate to punish and make an example of Defendants.

29. By not acting, Defendants breached their duty of care. Defendants knew that such omissions would result in unresonable harm.

30. Moreover, when Defendants GEO, Mr. Thompson were put on notice of the harm caused to the Plaintiff, the Defendant fabricated lies, failed to take responsibility, unreasonably denied laibility without launching any investigations, engaged in inhumane acts and permitted gross negligent conduct.

31. As direct and proximate result of the Defendants' misconduct, Defendants are indebted to Plaintiff in an amount to be shown by the evidence at trial for Plaintiff's medical expenses, including future medical care, pain and suffering, loss of future wages, and punitive damages caused by the Defendant's negligence, gross negligence, professional negligence, and intentional infliction of emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jose Neri Gonzalez Rodrigues prays for judgement against the Defendants as follows, as appropriate to each cause of action alleged and as appropriate to the particular standing of Plaintiff;

    A. General damages in an amount that will conform to proof at time of trial;

VI

B. Special damages in an amount within the jurisdiction of this Court and according to proof at the time of trial;

C. Loss of earnings and impaired earnings and capacity according to proof at the time of trial;

D. Medical expenses, past and future, according to proof at time of trial;

E. For past and future mental and emotional distress, according to proof;

F. For punitive or exemplary damages according to proof;

G. Attorney's fees, if incurred;

H. For cost of suit incurred herein;

I. For pre-judgement interest as provided by law; and

J. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Jose Neri Gonzalez Rodriguez demands a trial by jury on all counts and as to all issues.

Date: 9-15-2021

Respectfully submitted, *Jose Neri Gonzalez R*
Jose Neri Gonzalez Rodriguez

Jose Neri Gonzalez Rodriguez
Reg. No. 59914-380
CI-Big Spring Flightline
2001 Rickabaugh Drive
Big Spring, TX 79720

VII

10/18/21

U.S. POSTAGE PAID
PM 3-Day
SAN ANTONIO, TX
78227
OCT 04, 21
AMOUNT
$15.50
R2305P149944-35

**FROM:**
Jose Neri Rodriguez 59914-380
C.I. Big Spring Flightline
2001 Rickabough Drive
Big Spring, TX 79720

OCT - 7 2021
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**TO:**
United States District Court For
The Northern District of Texas
Abilene Division
Po Box 1218
Abilene, TX 79604

CERTIFIED MAIL
7020 1290 0000 5761 9881

PRIORITY MAIL

X-RAY

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED
RETURN RECEIPT REQUESTED

EP14F May 2020
OD: 12 1/2 x 9 1/2