IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOSE NERI GONZALEZ RODRIGUEZ, <br> Institutional ID Nos. 200880400, 59914-380 <br> Plaintiff, <br><br> v. <br><br> BIG SPRING FLIGHTLINE CORRECTIONAL INSTITUTE, *et al.*, <br><br> Defendants. | §§§§§§§§§§§§§ | Civil Action No. 1:21-CV-00184-BU |

## **ORDER OF INVOLUNTARY DISMISSAL**

Plaintiff Jose Neri Gonzalez Rodriguez brought this claim against Defendants for injuries allegedly suffered while he was detained at the Flightline Correctional Facility. *See* Dkt. No. 2. Gonzalez Rodriguez's claims are subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B) and 1915A because the Court granted him leave to proceed *in forma pauperis* and he brings his claims against government officials. Gonzalez Rodriguez also consented to the undersigned exercising the full jurisdiction of this Court. Dkt. No. 6; 28 U.S.C. § 636(c)(1).

In its Notice and Instruction to Pro Se Party, the Court notified Gonzalez Rodriguez that he "must notify the Court if your address changes, or your case may be dismissed." Dkt. No. 3. Gonzalez Rodriguez's Complaint alleges that he was due to be deported from the United States on or around December 2021. Dkt. No. 2 at 5. In January 2022, Gonzalez Rodriguez informed the Court of his new address at the Eden Detention Center, PO Box

1

1617 Eden, TX 76837. Dkt. No. 12. Gonzalez Rodriguez has not made any filings or otherwise communicated with the Court since January 11, 2022, when he filed his updated address.

Given these facts, on December 12, 2023, the Court issued an Order requiring Gonzales Rodriguez to file a Notice of Intent and confirm his address by no later than January 12, 2024. Dkt. No. 14. The Court warned Gonzalez Rodriguez that his failure to comply with the Order may result in the dismissal of his claims. *Id.* On December 26, 2023, that Order was returned as undeliverable. Dkt. No. 15.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Although the time for Gonzales Rodriguez to comply with the Court's Order Requiring a Notice of Intent has not yet expired, the Court recognizes the futility of expecting a party to respond to an order that they have not and will not receive. Moreover, the fact that the Court's Order was returned as undeliverable all but confirms its suspicions

that Gonzales Rodriguez is no longer at his listed address and that he has not provided the Court with an up-to-date address. Thus, Gonzales Rodriguez has effectively abandoned his claims, and, therefore, dismissal under Federal Rule of Civil Procedure 41(b) is warranted. Because the Court does not believe that Gonzales Rodriguez has acted with bad faith or with delay in mind, the Court ORDERS that his claims be dismissed *without* prejudice to him refiling his claims.

ORDERED this 3rd day of January 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE